NO. 07-08-0071-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

OCTOBER 31, 2008
______________________________

KELLY JAMES STINSON, 
 
                                                                                                 Appellant

v.

IMOGENE LESLEY, et al., 

                                                                                                 Appellees
_________________________________

FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;

NO. 95,881-A; HON. HAL MINER, PRESIDING

Memorandum Opinion

_____________________________

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

          On October 17, 2008, this court issued its order, in the above referenced cause,
requiring Kelly James Stinson (Stinson) “to pay for the record or make arrangements for
its payment suitable to the District Clerk of Potter County” no later than October 29, 2008. 
Furthermore, we advised Stinson that failure to do so would result in the dismissal of this
cause pursuant to Texas Rule of Appellate Procedure 37.3(b). To date, we have not
received any reply from Stinson showing that payment or financial arrangements have
been made pursuant to this court’s order.
          Accordingly, we dismiss the appeal for want of prosecution.
 
                                                                           Brian Quinn
                                                                          Chief Justice






































 Upon reviewing the clerk’s record, it came to this Court’s attention
that the Trial Court’s Certification of Defendant’s Right of Appeal, appearing at page 72 of
the Clerk’s Record, is not signed by Appellant as required by Rule 25.2(d) of the Texas
Rules of Appellate Procedure.
          Consequently, we abate this appeal and remand this cause to the trial court for further
proceedings. Upon remand, the trial court shall utilize whatever means necessary to secure
a properly signed Trial Court’s Certification of Defendant’s Right of Appeal in compliance with
Rule 25.2(d). Once properly completed and executed, the certification shall be included in
a supplemental clerk’s record. See Tex. R. App. P. 34.5(c)(2). The trial court shall cause
this supplemental clerk's record to be filed with the Clerk of this Court by March 30, 2009.
This order constitutes notice to all parties, pursuant to Rule 37.1 of the Texas Rules of
Appellate Procedure, of the defective certification. If a supplemental clerk’s record
containing a proper certification is not filed in accordance with this order, this matter will be
referred to the Court for dismissal. See Tex. R. App. P. 25.2(d). 
           It is so ordered.
                                                                                  Per Curiam
Do not publish.